LUCERO, Circuit Judge,
dissenting.
Brown’s complaint alleges that although his prison medical file indicated that he would suffer adverse reactions to a particular diabetes medication (Metformin) a prison doctor nonetheless prescribed the medication under a different brand name (Glucophage). He further alleged that being placed on the contraindicated medication for over six months elevated his blood sugars from 240 to 600 daily for the period of time, leading to the onset of neuropathy years before he would have suffered neuropathy in the normal course of his diabetes, caused kidney problems, *842 and led to other medical complications. The record substantiates these claimed injuries.
Given that “[djeliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment,” Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), it seems an unremarkable proposition that an official may engage in deliberate indifference when administering treatment that is clearly contraindicated. See, e.g., Benson v. Cady, 761 F.2d 335, 341 (7th Cir.1985) (“this court has found that an allegation that the plaintiff inmate was administered penicillin despite his known allergy to that drug stated an eighth amendment claim”). A response from PHS and facts developed in discovery might show that PHS is entitled to judgment as a matter of law, but I cannot agree that this action warranted summary dismissal under 42 U.S.C. § 1997e. I respectfully dissent.